IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY THORNTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JUSTIN JONES, et al., )<br>)<br>Respondents. ) | Case No. CIV-07-207-HE |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, has filed this a pleading in this Court entitled "Petition for Extraordinary Writ Directing Oklahoma County District Court to Assume Orig[i]nal Jurisdiction/Venue Over Petitioner's Petition for Writ of Habeas Corpus and/or Petition for Writ of Mandamus." The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Because Petitioner has failed to establish any basis for this Court's jurisdiction over his action, the undersigned recommends that the petition be summarily dismissed.[1]

Petitioner is a state prisoner currently incarcerated at the Oklahoma State Reformatory in Granite, Oklahoma.[2] According to Petitioner, on August 14, 2006, he filed

---

[1] The Court may *sua sponte* dismiss a cause of action due to lack of subject matter jurisdiction. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings.") (quotation and citation omitted).

[2] The official website of the Oklahoma Department of Corrections (DOC) shows that Petitioner is currently serving a four year sentence for escape, Case No. CF-1995-4781, District Court of Tulsa County, having completed serving a twenty year sentence for larceny of an automobile, Case No. CF-1986-4293, Tulsa County District Court. *See* Oklahoma Department of Corrections, available at http://www.doc.state.ok.us/offenders/offenders.htm (accessed April 30, 2007).

a summons, petition and brief in Oklahoma County District Court in support of a "Petition for Writ of Habeas Corpus and/or Petition for Writ of Mandamus," challenging the denial of certain earned credits and the retroactive application of DOC policy which prevents his advancement to classification levels three and four. Petitioner's Brief in Support at 2 and Ex. 2 (Case No. CJ-2006-6619). On December 13, 2006, the Oklahoma County District Court dismissed the action without prejudice for lack of jurisdiction/venue, noting that Petitioner was seeking to be released from custody, which action must be filed as a petition for writ of habeas corpus "in the District Court where Petitioner is restrained." Petitioner's Brief, Ex. 6. Petitioner then filed a petition in the Oklahoma Court of Criminal Appeals (OCCA), requesting that the OCCA direct the Oklahoma County District Court to assume jurisdiction and rule on the petition for writ of habeas corpus he had filed in that court. Petitioner's Brief at 4 and Ex. 7. On January 26, 2007, the OCCA entered an order denying habeas relief and advising Petitioner that a petition for writ of habeas corpus must be filed in the district where he is incarcerated, Greer County. Petitioner's Brief at 4 and Ex. 9 (Case No. HC-2007-28). Thereafter, Petitioner filed in the OCCA a notice of intent to appeal the matter "to the United States District Court for the Western District Court of Oklahoma." Petitioner's Brief at 4-5 and Ex. 10.

In this action filed on February 20, 2007, Petitioner requests that this Court order the Oklahoma County District Court to assume jurisdiction/venue over his state habeas/mandamus action or alternatively, to direct the Oklahoma County District Court

to transfer his state habeas/mandamus action to the Greer County District Court. Petition at 7.

## Analysis

Federal courts are courts of limited jurisdiction, and a party who brings an action in federal court bears the burden of establishing that the exercise of jurisdiction is proper. *In re Longhorn Securities Litigation*, 573 F. Supp. 255, 264 (W.D. Okla. 1983). Therefore, any request for relief filed in federal court must contain a short and plain statement of the grounds upon which the Court's jurisdiction depends. Fed. R. Civ. P. 8(a). Jurisdiction cannot be conferred upon this Court by consent, inaction or stipulation, and a lack of jurisdiction cannot be waived. *Tuck v. United States Auto. Ass'n.,* 859 F.2d 842, 844 (10th Cir. 1988) (when the party seeking relief does not set forth the basis for the Court's exercise of jurisdiction, the Court must determine its jurisdiction *sua sponte*).

In an effort to establish federal jurisdiction, at page 1 of his brief Petitioner cites 28 U.S.C. § 1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A federal district court's mandamus power extends only to federal officials or agencies, and thus, this Court has no authority under the mandamus provision to direct a state judge's actions as Petitioner requests. *See Harris v. Department of Corrections*, 426 F. Supp. 350, 351 (W.D. Okla. 1977) ("United States District Courts simply do not have any jurisdiction [to issue a writ of mandamus] to compel a state or its officers to perform any duty owed to the plaintiff under state law."). *See also Amisub (PSL), Inc. v. State of Colo. Dep't of Soc.*

*Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986) (federal courts "have no authority to issue [] a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties"). Accordingly, because this Court is without authority to grant the mandamus relief Petitioner seeks, the undersigned recommends that the action be dismissed for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3).

In sum, the undersigned finds that Petitioner has failed to assert any facts which establish a jurisdictional basis for his claim in federal court,[3] and therefore, it is recommended that the petition be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed with prejudice upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation

---

[3] In addition, to the extent Petitioner is asking this Court to review the orders of the Oklahoma County District Court and the OCCA regarding the proper action and venue concerning his challenge to earned credits and classification levels, he misperceives the role of the federal courts. Federal courts do not sit as "super-appellate" courts to reconsider state court decisions. *See Harris v. Department of Corrections*, 426 F. Supp. 350, 351 (W.D. Okla. 1977) (federal court does not "serve as an appellate or reviewing court for alleged illegal actions in state court."); *Robinson v. State of Oklahoma*, 404 F.Supp. 1168, 1170 (W.D. Okla. 1975) ("Habeas corpus in the federal court does not serve as an additional appeal from state court conviction.").

To the extent Petitioner seeks an extraordinary writ pursuant to the All Writ Statute, 28 U.S.C. 1651, Petitioner's Brief at 7, he likewise fails to establish a jurisdictional basis for this action. *See Henrie v. Derryberry*, 358 F. Supp. 719, 723 (N.D. Okla. 1973) (Holloway, J., for a three-judge court) (because a writ of coram nobis "must be sought in the court which imposed the sentence," the remedy "may not be used as a 'collateral writ of error between the state and federal jurisdictions" (citations omitted)); *Rivenburgh v. State of Utah*, 299 F.2d 842, 843 (10th Cir. 1962) ("the use of [a writ of coram nobis] . . . cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions");

Finally, any attempt by Petitioner to establish jurisdiction pursuant to 28 U.S.C. § 2254 fails. *See* Petitioner's Brief at 6. The fundamental purpose of a § 2254 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. United States Parole Comm'n.*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). It is clear that Petitioner is not challenging the validity of the conviction and sentence he is now serving.

with the Clerk of this Court by May 21, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of April, 2007.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE